UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN ANTHONY WALCOTT. JR.          CIVIL ACTION

VERSUS                                NO.    18-00236

WARDEN CLAUDE TRICHE, ET AL.          SECTION: "N"(5)

## ORDER AND REASONS

The instant 42 U.S.C. § 1983 proceeding was filed by *pro se* Plaintiff, Steven Anthony Walcott, Jr., against various Defendants, alleging a violation of his constitutional rights by illegally searching his cell, confiscating his property, and imposing punishment without a disciplinary hearing. (Rec. doc. 1). He requests monetary compensation and injunctive relief. (*Id.*). Plaintiff's accompanying application to proceed *in forma pauperis* (rec. doc. 4) is a non-dispositive pretrial matter that was referred to the undersigned United States Magistrate Judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b)(1).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Walcott, a frequent litigant in federal court, has filed numerous civil actions while incarcerated. The Court's records establish that at least three of his prior § 1983 complaints were dismissed as frivolous and/or for failing to state a claim upon which relief could be granted. *See Steven Anthony Walcott, Jr. v. Terrebonne Parish Consolidated Gov't., et*

*al.*, Civ. Action No. 17-1125 "S"(3) (E.D. La.); *Steven Anthony Walcott, Jr. v. Terrebonne Parish Medical, et al.*, Civil Action No. 16-15587 "R"(5) (E.D. La.); *Steven Anthony Walcott, Jr. v. Terrebonne Parish Jail Medical Department, et al.*, Civ. Action No. 16-15594 "B"(4) (E.D. La.). He has therefore accumulated three "strikes" under the PLRA.

Plaintiff may not proceed as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g), which applies to prisoners "under imminent danger of serious physical injury." In the present case, Plaintiff has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Consequently, Plaintiff is not entitled to proceed *in forma pauperis* pursuant to the provisions of the Prison Litigation Reform Act.

Accordingly, **IT IS ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **DENIED**.[1/] 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this 5th day of February, 2018.

MICHAEL B. NORTH
**UNITED STATES MAGISTRATE JUDGE**

---

[1/] In light of the denial of Plaintiff's application to proceed *in forma pauperis*, his motion to stay (rec. doc. 5) is dismissed as moot.